IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LARRY CHAPMAN,                  §
(Reg. No. 95896-071)            §
VS.                             §   CIVIL ACTION NO.4:06-CV-426-Y
                                §
                                §
UNITED STATES OF AMERICA, et al.§

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff
and inmate Larry Chapman's claims under the screening provisions of
28 U.S.C. §§ 1915A and 1915(e)(2)(B). Chapman, an inmate at the
Bureau of Prisons' facility at FCI--Estill in South Carolina, has
filed a civil complaint asserting claims arising from the medical
care he received while housed at FMC--Fort Worth in 2002 and 2003.
In addition to naming the United States of America, Chapman has
named the Bureau of Prisons (BOP), the Osteopathic Medical Center
of Texas, several doctors and nurses associated with FMC--Fort
Worth, and numerous "John Doe" defendants. (Compl. Style; 2-3.)
Chapman seeks $5,000,000.00, and ongoing medical care.[1] (Compl.
Prayer.)

A complaint filed in forma pauperis that lacks an arguable
basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28

_____

[1]Though Chapman also refers to a "release from prison," the provisions
cited in his complaint do not authorize challenges to confinement; thus, Chapman
must pursue any claim for release through a petition for writ of habeas corpus.

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e)
*requires* dismissal not only when an allegation of poverty is untrue or the action
is frivolous or malicious, but also when "the action . . . fails to state a
claim on which relief may be granted; or seeks monetary relief against a
defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Chapman's claims must be dismissed.

*United States--FTCA--No Jurisdiction*

The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."[7] The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be

---

(B)(West Supp. 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[7]*United States v. Testan,* 424 U.S. 392, 399 (1976).

strictly observed and exceptions thereto are not to be implied."[8]
One of the prerequisites to filing suit under the Federal Tort
Claims Act (FTCA) is that the claimant must have first presented the
claim to the appropriate federal agency and obtained either a
written denial or have waited six months after filing for the agency
decision to be deemed a final denial.[9] This Court's subject- matter
jurisdiction over an action against the United States under the FTCA
is conditioned upon compliance with these terms. An action filed
before the expiration of that six-months waiting period, "cannot
become timely by the passage of time after the complaint is filed.
The requirement is jurisdictional and may not be waived."[10]

Chapman has not set forth facts to show that he completed the
administrative claim process and obtained the requisite agency
denial, or waited for the elapse of the six-month period.  Rather,
in his appendix of papers filed in support of the complaint, Chapman
included a copy of a completed "Claim for Damage, Injury or Death"
setting forth the facts made ths basis of this suit.  That claim
form, however, is dated May 15, 2006, and Chapman has provided no
response or any record that this claim was acted upon within the BOP
before he filed suit.  Because Chapman has not shown that he

---

[8]*Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted).

[9]28 U.S.C.A. § 2675(a)(West 1994).

[10]*rice v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), *cert. den'd,* 519
U.S. 927 (1996),  *citing McNeil v. United States,* 508 U.S. 106, 111-12 (1993);
and *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981).

3

completed the prerequisite to filing suit under the FTCA, his claims under that act against the Untied States must be dismissed for lack of jurisdiction.

*Limitations*

The bulk of Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations. Although it appears that the majority of the individual defendants are alleged to be federal employees, to the extent some may not be, the Court cannot discern whether Plaintiff's claims should be evaluated under 42 U.S.C. § 1983, or under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*[11] or both.   For purposes of limitations, however, the applicable time period is the same under either theory.   The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal injury actions of the state of suit.[12] Likewise, the United States Court of Appeals for the Fifth Circuit has held that a *Bivens* action is controlled by the applicable state statute of limitations.[13] In Texas

---

[11]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),*citing Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

[12] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal injury actions applies to all claims under 42 U.S.C. § 1983).

[13]*See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

the applicable limitations period is two years.[14] Thus, the applicable limitations period on a *Bivens* claim arising in Texas is two years.[15]

Thus, all of Chapman's claims are subject to the Texas two-year personal-injury statute of limitations. The Fifth Circuit held in *Moore* that a district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[16] Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[17]

Chapman recites that the alleged deficiencies in his medical care began on November 7, 2002. He provides a chronology of allegations from that date forward and through November 7, 2003. Since Chapman did not file this suit until June 2006, several months after the two-year limitations period expired, all claims arising prior to November 7, 2003, must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[14]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2005)(Texas's two-year personal injury limitations statute).

[15]*Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

[16]*Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[17]*See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999), *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992).

*Conspiracy*

Chapman also includes an allegation of a conspiracy to deny adequate medical care to him in violation of 42 U.S.C. §§ 1985 and 1986, that occurred between April 14, 2004, and May 14, 2006. Conspiracy claims under either § 1983 or § 1985(3) require that the claimant relate specific facts.[18]  An allegation of the existence of a conspiracy does not state a claim.  The operative facts of the conspiracy must be pled with particularity, not merely insinuated in broad, vague assertions.[19]  Chapman's 2004-2006 conspiracy allegation is not supported by any particular operative facts, and thus, does state any viable claim.  Further, Chapman's reference to 42 U.S.C. § 1986 is also unavailing, as any liability thereunder is derivative of liability under 42 U.S.C. § 1985(3).[20]   Because Chapman has not stated a claim under § 1985, there can be no claim under § 1986. As a result, Chapman's claims under 42 U.S.C. §§ 1985 and 1986 must be dismissed under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

Therefore, all claims against the United States under the FTCA are DISMISSED without prejudice for lack of jurisdiction.

---

[18]*Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986);*see also Young v. Biggers*, 938 F.2d 565, 566 (5th Cir.1991); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987).

[19]*Lynch,* 810 F.2d at 1370; *see Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992).

[20]*See Grimes v. Smith,* 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

All Plaintiff's remaining claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

SIGNED August 24, 2006.


TERRY R. MEANS
UNITED STATES DISTRICT JUDGE