```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

LARRY CHAPMAN,                       §
(Reg. No. 95896-071)                 §
VS.                                  §   CIVIL ACTION NO.4:06-CV-426-Y
                                     §
                                     §
UNITED STATES OF AMERICA, et al.     §

**AMENDED**[1]
OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. § 1915A(B) and UNDER 28 U.S.C. § 1915(e)(2)(B), and ORDER REGARDING COMPLETION AND SERVICE OF SUMMONS UPON THE REMAINING DEFENDANTS
(With Special Instructions to the Clerk of Court)

This case is before the Court for review of pro-se plaintiff and inmate Larry Chapman's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Chapman, an inmate at the Bureau of Prisons' facility at FCI--Estill in South Carolina, has filed a civil complaint asserting claims arising from the medical care he received while housed at FMC--Fort Worth in 2002 and 2003. In addition to naming the United States of America, Chapman has named the Bureau of Prisons (BOP), the Osteopathic Medical Center of Texas, several doctors and nurses associated with FMC--Fort Worth, and numerous "John Doe" defendants. (Compl. Style; 2-3.) Chapman seeks $5,000,000.00, and ongoing medical care.[2] (Compl. Prayer.)

---

[1] As a result of information supplied by plaintiff Chapman in a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), the Court has determined that the prior resolution of his claims under the Federal Tort Claims Act (FTCA) was in error. This amended order eliminates all analysis of dismissal of the FTCA claim.

[2] Though Chapman also refers to a "release from prison," the provisions cited in his complaint do not authorize challenges to confinement; thus, Chapman must pursue any claim for release through a petition for writ of habeas corpus.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint under these standards, the Court concludes that some of Chapman's claims must be dismissed.

---

[3]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

[4]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[6]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Limitations*

The bulk of Plaintiff's claims must be dismissed because they are barred by the applicable statute of limitations. Although it appears that the majority of the individual defendants are alleged to be federal employees, to the extent some may not be, the Court cannot discern whether Plaintiff's claims should be evaluated under 42 U.S.C. § 1983, or under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*[8] or both.  For purposes of limitations, however, the applicable time period is the same under either theory.  The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal injury actions of the state of suit.[9] Likewise, the United States Court of Appeals for the Fifth Circuit has held that a *Bivens* action is controlled by the applicable state statute of limitations.[10] In Texas the applicable limitations period is two years.[11] Thus, the

---

[8] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),*citing Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

[9] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal injury actions applies to all claims under 42 U.S.C. § 1983).

[10] *See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

[11] *See Moore v. McDonald,* 30 F.3d  616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2005)(Texas's two-year personal injury limitations statute).

3

applicable limitations period on a *Bivens* claim arising in Texas is two years.[12]

Accordingly, all of Chapman's individual liability claims are subject to the Texas two-year personal-injury statute of limitations. The Fifth Circuit held in *Moore* that a district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[13] Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[14]

Chapman recites that the alleged deficiencies in his medical care began on November 7, 2002. He provides a chronology of allegations from that date forward and through November 7, 2003. Since Chapman did not file this suit until June 2006, several months after the two-year limitations period expired, all individual liability claims arising prior to November 7, 2003, must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[12]*Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

[13]*Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993).

[14]*See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999), *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992).

4

*Conspiracy*

Chapman also includes an allegation of a conspiracy to deny adequate medical care to him in violation of 42 U.S.C. §§ 1985 and 1986, that occurred between April 14, 2004, and May 14, 2006. Conspiracy claims under either § 1983 or § 1985(3) require that the claimant relate specific facts.[15] An allegation of the existence of a conspiracy does not state a claim. The operative facts of the conspiracy must be pled with particularity, not merely insinuated in broad, vague assertions.[16] Chapman's 2004-2006 conspiracy allegation is not supported by any particular operative facts, and thus, does state any viable claim. Further, Chapman's reference to 42 U.S.C. § 1986 is also unavailing, as any liability thereunder is derivative of liability under 42 U.S.C. § 1985(3).[17] Because Chapman has not stated a claim under § 1985, there can be no claim under § 1986. As a result, Chapman's claims under 42 U.S.C. §§ 1985 and 1986 must be dismissed under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

With regard to the remaining claim against the United States of America under the FTCA, the Court concludes that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), Plaintiff is entitled to have the summons and complaint served by

---

[15]*Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986);*see also Young v. Biggers*, 938 F.2d 565, 566 (5th Cir.1991); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir.1987).

[16]*Lynch,* 810 F.2d at 1370; *see Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

[17]*See Grimes v. Smith,* 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

a United States marshal or deputy United States marshal.[18] In order to serve the complaint, Plaintiff must fill out and return to the clerk of Court one Form 285 and two summons forms for each person to be served.[19] The Court will direct the clerk of Court to provide the Forms 285 and the summons forms to Plaintiff. Upon their return, the clerk will then forward the completed summons forms and the completed Forms 285 to the marshal for service.

Therefore, all of Plaintiff's claims, other than his claims against the United States of America under the FTCA, are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

The clerk of Court shall mail to Plaintiff four blank summonses and two Forms 285. Plaintiff is advised that it is his responsibility to complete the summonses and Forms 285 with correct information as to the appropriate names and the appropriate addresses for service upon the United States of America.

Plaintiff shall, if he wishes to proceed with this action as to his remaining claims, complete the summonses and Forms 285 and return them to the clerk within 30 days of the date of this order. Failure of Plaintiff to complete the forms and to timely return same

---

[18] *See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987).

[19] The court notes that Federal Rule of Civil Procedure 4(i)(1)(A) and (B) requires that service upon the United States of America must be through service upon the United States Attorney for the Northern District of Texas, addressed to "Civil Process Clerk," and the Attorney General of the United States of America.

to the clerk could result in the dismissal of the remaining claims in this action without further notice for lack of prosecution.[20]

Upon receipt of the completed forms, the clerk of Court is ORDERED to issue summonses for the remaining Defendant with attached thereto a copy of the complaint, and this order, and deliver them to the United States marshal for service.

Upon receipt of the appropriate forms completed by Plaintiff, the summonses and copies of the complaint shall be served by the United States marshal or deputy United States marshal.

SIGNED December 27, 2006.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[20]*See* FED. R. CIV. P. 41(b).